United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60543
Summary Calendar

_____

MARY ELIZABETH HODGSON-ESPINOZA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78-326-727
---------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mary Elizabeth Hodgson-Espinoza petitions this court for
review of the order of the Board of Immigration Appeals (BIA)
affirming the denial of her application for asylum and
withholding of deportation.  The Respondent's motion seeking
summary affirmance is DENIED.

Hodgson-Espinoza argues that she is entitled to asylum based
on past persecution and fear of future persecution.  This court
will uphold the BIA's factual finding that an alien is not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

eligible for asylum if it is supported by substantial evidence. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). The substantial-evidence standard requires only that the BIA's decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

The BIA's conclusion that Hodgson-Espinoza failed to show that she suffered from past persecution or that she had a well-founded fear of future persecution related to her political activity was based on the evidence before it and was substantially reasonable. Hodgson-Espinoza has not shown that her testimony would compel a finding of a well-founded fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).

We consider Hodgson-Espinoza's asylum claim also as a request for withholding of deportation. Because Hodgson-Espinoza does not meet the standard for asylum, she also does not meet the standard for withholding of deportation. Efe, 293 F.3d at 906. Accordingly, Hodgson-Espinoza's petition for review is DENIED.